# IN THE SUPREME COURT OF THE STATE OF NEVADA

MARTIN CENTENO, AN INDIVIDUAL; AND PLUMERIA FAMILY TRUST, A NEVADA REVOCABLE LIVING TRUST,
Appellants,
vs.
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; RECONTRUST COMPANY, N.A.; AND BANK OF AMERICA, N.A.,
Respondents.

No. 64998

**FILED**

JUN 2 3 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court summary judgment in a quiet title action. Eighth Judicial District Court, Clark County; Susan Scann, Judge.

## BACKGROUND

The material facts in this case are undisputed. The property that is the subject of this appeal is governed by Hollow De Oro Homeowners' Association (HOA), which, through covenants, conditions, and restrictions, imposes assessments on homeowners. Alberto and Elvira Hernandez purchased the subject property with a loan secured by a first deed of trust that was assigned to respondent Bank of America, N.A. (BOA). Thereafter, the Hernandezes defaulted on their loan obligations and also became delinquent with their HOA assessments.

BOA and HOA separately initiated foreclosure proceedings. HOA proceeded, recording a notice of trustee's sale. But before foreclosing

16-19640

on the property, HOA rescinded the notice. On July 27, 2011, appellant Plumeria Family Trust purchased the property at the HOA foreclosure sale and conveyed a portion of its interest to appellant Martin Centeno. Appellants recorded the trustee's deed upon sale.

Appellants then filed a complaint to quiet title and attached the trustee's deed upon sale. However, appellants produced no documents demonstrating that a valid notice of trustee's sale was recorded before the foreclosure sale. BOA moved for summary judgment, arguing that because no notice of trustee's sale was recorded at the time of foreclosure, the property was purchased subject to BOA's senior deed of trust. In opposition, appellants argued that the recitals contained in the deed of trust were conclusive evidence of notice compliance and superior title. The district court granted BOA's motion for summary judgment, concluding that because no notice of sale was recorded at the time of sale, Plumeria Family Trust purchased the property subject to BOA's senior deed of trust. This appeal followed.

## DISCUSSION

"This court reviews a district court's grant of summary judgment de novo." *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Although "the pleadings and other proof must be construed in a light most favorable to the nonmoving party," the nonmoving "party bears the burden to 'do more than simply show that there is some metaphysical doubt' as to the operative facts in order to avoid summary judgment being entered in the moving party's favor." *Id.* at 732, 121 P.3d at 1031 (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). It is the duty of the nonmoving party to, "by affidavit or otherwise, set forth specific facts demonstrating the existence of a genuine issue for trial" or summary

judgment will be entered against the party. *Id.* (internal quotation omitted). "The nonmoving party is not entitled to build a case on the gossamer threads of whimsy, speculation, and conjecture." *Id.* (internal quotations omitted). Moreover, "[a] plea to quiet title . . . require[s] . . . [that] 'each party . . . plead and prove his or her own claim to the property in question' and a 'plaintiff's right to relief therefore depends on superiority of title.'" *Chapman v. Deutsche Bank Nat'l Trust Co.*, 129 Nev., Adv. Op. 34, 302 P.3d 1103, 1106 (2013) (quoting *Yokeno v. Mafnas*, 973 F.2d 803, 808 (9th Cir. 1992)).

Here, appellants failed to, by affidavit or otherwise, establish that a valid notice of trustee's sale was recorded at the time of foreclosure to support the deed's recitals of notice compliance. Appellants thereby failed to meet their burden to prove that BOA's first deed of trust was properly extinguished. *See SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev., Adv. Op. 75, 334 P.3d 408, 419 (2014) ("NRS 116.3116(2) gives an HOA a true superpriority lien, *proper* foreclosure of which will extinguish a first deed of trust."[1] (emphasis added)). Thus, appellants purchased the property subject to BOA's first deed of trust and no genuine issues of material fact remain.

---

[1]We note that although the 2009 version of NRS 116.3116 applies here, the 2011, 2013, and 2015 amendments do not affect *SFR's* requirement that an HOA foreclose properly in order to extinguish a first deed of trust. *See id.*

Accordingly, we ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Susan Scann, District Judge
       Law Office of David Ortiz
       Kim Gilbert Ebron
       Akerman LLP/Las Vegas
       Eighth District Court Clerk

